KENT J. SCHMIDT (SBN 195969)
schmidt.kent@dorsey.com
ZACHARY BULTHUIS (SBN 223825)
bulthuis.zach@dorsey.com
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA 92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601

STEVEN J. WELLS
(to be admitted *pro hac vice*)
HEATHER M. MCCANN
(to be admitted *pro hac vice*)
TIMOTHY J. DROSKE
(to be admitted *pro hac vice*)
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone (612) 340-2600
Fax (612) 340-2868

Attorneys for Plaintiff
NATIONAL MEAT ASSOCIATION

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| NATIONAL MEAT ASSOCIATION, a not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND GERALD BROWN, in his official capacity as Attorney General of California, ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California, and the STATE OF CALIFORNIA,<br><br>Defendants. | CASE NO: _____<br><br>**COMPLAINT FOR:**<br><br>**1. Declaratory Relief and**<br>**2. Injunctive Relief** |

1

COMPLAINT

Plaintiff NATIONAL MEAT ASSOCIATION ("NMA") makes and files this Complaint against Defendants EDMUND BROWN, California's Attorney General, ARNOLD SCHWARZENEGGER, the Governor of California, and the STATE OF CALIFORNIA (collectively, "Defendants") and alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory and injunctive relief under 28 U.S.C. § 2201. As set forth below, NMA seeks a declaration from this Court that Section 599f of Title 14 of the California Penal Code, as amended and effective January 1, 2009, particularly as it applies to the slaughter of swine and the processing of pork and pork products, is preempted by the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 *et seq.*, and its implementing regulations, which regulate the slaughter, processing, inspection, labeling, and sale of meat and meat products in the United States. In addition, NMA seeks a declaration that Section 599f is unconstitutional because it violates the Commerce Clause of the United States Constitution, Art. I § 8, cl. 3, and is void for vagueness under the Fourteenth Amendment to the United States Constitution.

## THE PARTIES

2. Plaintiff NMA, formerly known as the Western States Meat Packers Association, is a voluntary membership-based trade association organized and existing under the laws of the State of California and having its headquarters in Oakland, California.

3. NMA's predecessor was founded in 1946 and represents the interests of packers and processors, who slaughter livestock, including swine, and who market meats, including pork and pork products, throughout the United States. NMA's members, which include members based in the Eastern District of California, package and process meat products that are sold in every district in California, including the Eastern District of California.

4.     Defendant State of California is a State that, through its officers and agencies, including Defendant Arnold Schwarzenegger, the Governor of the State of California, and Defendant Edmund Brown, the Attorney General of the State of California, enforces Section 599f of the California Penal Code.  As it exists today, Section 599f prohibits only non-federally inspected slaughterhouses, stockyards, and auctions from buying, selling, or receiving a nonambulatory animal.  Similarly, as of the date of this Complaint, Section 599f does not prohibit a slaughterhouse from processing, butchering, or selling meat or meat products of nonambulatory animals.  Finally, under existing law, violations of the statute are considered misdemeanors, punishable by up to six months imprisonment, or fines up to $1,000, or both.

5.     On January 1, 2009, Section 599f, as amended and approved by the Governor of the State of California on July 22, 2008, will become effective ("Amended Section 599f").  Amended Section 599f dramatically increases the prohibitions on and regulation of the purchase, sale, receipt, and processing of nonambulatory swine and swine products at slaughterhouses located within the State of California.  Of particular relevance to swine slaughterhouses, Amended Section 599f  will (a) prohibit any slaughterhouse, stockyard, auction, market agency, or dealer from buying, selling, or receiving a nonambulatory animal; (b) prohibit a slaughterhouse from processing, butchering, or selling meat or meat products of nonambulatory animals for human consumption; and (c) require a slaughterhouse to immediately euthanize any nonambulatory animal being held for slaughter.  The statute criminalizes conduct that violates these provisions, and makes such crimes punishable by imprisonment not to exceed one year and/or by up to a $20,000 fine per occurrence.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 because this case involves claims that arise under the United States Constitution. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983).

7. NMA is filing this representative action on behalf of its members who are engaged in the slaughtering, processing, and selling of swine and swine products to protect their rights and to establish certainty regarding their legal obligations.

8. Venue is proper in this judicial district. NMA's members, which include members based in the Eastern District of California, package, supply and/or process meat products that are sold in every district in California, including the Eastern District of California. Amended Section 599f, if applied to or enforced against members of NMA, would directly affect the purchasing, processing, and sale of their meat products in the Eastern District of California and would impact their interests in the Eastern District of California. Thus, the controversy alleged herein arises in the State of California, including the Eastern District of California.

## NECESSITY OF DECLARATORY RELIEF

9. An actual controversy has arisen and now exists because NMA's members face the imminent threat of criminal sanctions if they do not comply with the amended provisions of Section 599f, which become effective on January 1, 2009. As set forth below, Amended Section 599f is preempted by federal law, violates the Commerce Clause of the United States Constitution, and is, in part, unconstitutionally vague in violation of the Fourteenth Amendment.

10. Amended Section 599f is preempted by federal law because: (1) the FMIA expressly preempts "different" or "additional" processing and safety inspection requirements imposed by state law; (2) application of Amended Section 599f would conflict with the FMIA's processing and safety inspection requirements; and (3) application of Amended Section 599f would frustrate

4

Congress' objective of establishing a comprehensive and uniform federal regulatory scheme that governs meat labeling, processing, and inspection.

11. NMA seeks a declaration from this Court that Amended Section 599f is not enforceable as to federally-inspected swine slaughterhouses or processors in the State of California. Specifically, NMA seeks a declaration that the FMIA, its objectives, its amendments, its implementing regulations, and the USDA's objectives in implementing the FMIA preempt Amended Section 599f as applied to swine slaughterhouses regulated by the FMIA.

12. Such a declaration is necessary and proper at this time so that NMA's members may have certainty as to their legal obligations and conduct business without exposure to potential criminal liability for violations of Amended Section 599f.

13. Absent a judicial declaration that Amended Section 599f is preempted and unenforceable as to swine slaughterhouses, NMA's members are forced to choose between compliance with the FMIA's processing and safety inspection requirements or the different and conflicting Amended Section 599f requirements, thereby risking exposure to criminal liability and significant monetary penalties under one statutory scheme when complying with the other. In addition, NMA's members risk having to bear the cost of having to defend against enforcement actions pursuant to Amended Section 599f.

14. The actual controversy presented to this Court is ripe for adjudication and suitable for judicial determination. It is an existing legal dispute between the parties regarding a discrete issue and is based on ongoing and prospective conduct. There are no relevant or effective administrative remedies available to NMA or its members that would resolve the matter. The only way for Plaintiff's members to obtain a binding pre-enforcement determination that their meat products are exempt from Amended Section 599f is via declaratory judgment and injunction.

# GENERAL ALLEGATIONS

**A. Overview of the Preempted State Statutory Provision: Amended California Penal Code Section 599f**

15.  Section 599f of Title 14 of the California Penal Code, as amended, was adopted by the State of California on July 22, 2008, and will become effective on January 1, 2009.  As compared to federal law and current state law, the Amended Statute dramatically expands the prohibitions on and regulations of the purchase, slaughter, processing, inspection, and sale of meat and meat products.  At the same time, the Amended Section 599f substantially increases the criminal penalties associated with violations of the statute.  Together, the breadth of the scope of the new regulations and the heightened criminal penalties and fines expose swine slaughterhouses and their employees to significantly expanded criminal liability for violations of Amended Section 599f.

16.  Particularly at issue are three provisions of Amended Section 599f as applied to swine and swine products:

> (a) No slaughterhouse, stockyard, auction, market agency, or dealer shall buy, sell, or receive a nonambulatory animal;
>
> (b) No slaughterhouse shall process, butcher, or sell meat or meat products of nonambulatory animals for human consumption; and,
>
> (c) No slaughterhouse shall hold a nonambulatory animal without taking immediate action to euthanize the animal.

Cal. Penal Code § 599f (as amended).

17.  "Nonambulatory" is defined by Amended Section 599f to mean "unable to stand or walk without assistance."  Cal. Penal Code § 599f, subd. (i) (as amended).

18.     Violations of Amended Section 599f are crimes, punishable by imprisonment of up to one year, or a fine of up to $20,000, or both imprisonment and a fine.  Cal. Penal Code § 599f, subd. (h) (as amended).

19.     As it exists today (i.e., prior to the amendment), Section 599f contains markedly different prohibitions.  As of the date of this Complaint, Section 599f prohibits only non-federally inspected slaughterhouses, stockyards, and auctions from buying, selling, or receiving a nonambulatory animal.  Moreover, Section 599f does not prohibit a slaughterhouse from processing, butchering, or selling meat or meat products of nonambulatory animals.  Violations of the current statute are punishable only as misdemeanors.

**B.     Overview of the Preempting Federal Statute: The Federal Meat Inspection Act**

20.     The FMIA was passed in 1907 in response to Upton Sinclair's *The Jungle*.  When the book's documentation of unsanitary packing practices at large Chicago stockyards shook the American public's confidence in the safety of meat, leaders of the meat industry joined the public in calling for legislation and regulation to reform the industry, recognizing that a uniform inspection and processing system were necessary to restore the public's faith in the safety of meat.

21.     Recognizing that meat is an important source of the nation's food supply, Congress enacted the FMIA with the objective of protecting the markets for wholesome and unadulterated meat by assuring consumers that the meat products they consume satisfy uniform standards established by the federal government.  21 U.S.C. § 602.  At the same time, Congress sought to protect animal welfare in the slaughter process.

22.     In order to advance those objectives, the FMIA establishes a comprehensive and uniform federal scheme regulating labeling, processing and inspection of meat in a manner that ensures that all meat sold to consumers is

wholesome, not adulterated, and properly marked, labeled, and packaged, and that animals are treated humanely in the process. 21 U.S.C. § 601 *et seq*.

23.   Congress expressly has placed the regulation of meat processing, inspections, and labeling within the exclusive domain of the federal government and prohibited states from attempting to impose any "additional" or "different" requirements.

24.   Specifically, to ensure uniformity and effectiveness of federal meat safety inspection regulation, the FMIA includes an express preemption provision that states, in relevant part:

> *Requirements* within the scope of this chapter *with respect to premises, facilities and operations of any establishment at which inspection is provided . . . which are in addition to, or different than those made under this chapter may not be imposed by any State* or Territory or the District of Columbia . . . .

21 U.S.C. § 678 (emphasis added).

25.   The Food Safety and Inspection Service ("FSIS"), an agency of the United States Department of Agriculture (" USDA"), is charged with implementing and enforcing the FMIA. FSIS protects the nation's meat supply by closely monitoring the entire meat production process to ensure that only wholesome and unadulterated meat reaches the marketplace.

26.   The FMIA implementing regulations set forth in Title 9 of the Code of Federal Regulations, 9 C.F.R. § 301 *et seq.*, govern the meat production process from the time animals are delivered to the slaughterhouse to the time consumers purchase the meat product. FSIS officials conduct a variety of inspections, including, but not limited to, inspections of animals prior to entering a slaughterhouse, packing, meat-canning, rendering, or similar establishment, 21 U.S.C. § 603(a); post-mortem inspections of carcasses to ensure that they are not adulterated, 21 U.S.C. § 604; examination of carcasses brought into slaughtering or packing establishments, 21 U.S.C. § 605; examination of all "meat food products"

prepared at any slaughtering, meat-canning, salting, packing, rendering, or similar establishment, 21 U.S.C. § 606; and inspections of slaughtering and meat preparation establishments to ensure sanitary conditions, 21 U.S.C. § 608. Meat may only be packaged in containers free of all poisonous or deleterious substances that might render the contents adulterated or injurious to health. 9 C.F.R. § 317.24.

27. The FMIA prohibits the sale of "adulterated" meat, defined as meat that "bears or contains any such poisonous or deleterious substance which may render it injurious to health." 21 U.S.C. § 601(m). Thus, the key assessment made by FSIS is whether a meat product "may" be "injurious to health." The mere presence of a deleterious substance does not render meet "adulterated." Rather, the deleterious substance must be present at a level that makes consumption of the meat unhealthy or unsafe—a determination exclusively reserved to the FSIS. 21 U.S.C. § 621; 9 C.F.R. § 300.2.

28. The FMIA includes regulations and directives that govern how federal officials are required to handle fatigued or stressed swine, which the State may consider to be "nonambulatory" under the Amended Section 599f.

29. FSIS Directive 6100.1, entitled "Antemortem Livestock Inspection," instructs FSIS officials "to pass for slaughter, livestock that do not show signs of diseases or abnormalities and that are fit to slaughter for human consumption."

30. In addition to this Directive, FSIS regulations also permit inspectors to tag certain animals as either "U.S. Suspect" or "U.S. Condemned" and allow animals so tagged which show no signs of disease to proceed to slaughter. Section 309.2 of Title 9 of the Code of Federal Regulations, which applies to "U.S. Suspect" animals, provides that:

> All seriously crippled and non-ambulatory disabled livestock shall be identified as U.S. Suspects and disposed of as provided in § 311.1 of this chapter unless they are required to be classed as condemned under § 309.3. Non-ambulatory disabled livestock are livestock that cannot rise from a recumbent position or that cannot walk,

> including, but not limited to, those with broken appendages, severed tendons or ligaments, nerve paralysis, fractured vertebral column, or metabolic conditions.

9 C.F.R. § 309.2. This regulation applies to and includes livestock that are physically disabled or fatigued but disease-free within the definition of "nonambulatory" animals. Section 311.1 and FSIS Directive 6100.1 allow such animals to be passed for slaughter and human consumption.

31. Section 309.3(d) of Title 9 of the Code of Federal Regulations, which applies to "U.S. Condemned" animals, provides that:

> Any livestock found in a comatose or semicomatose condition or affected with any condition not otherwise covered in this part, which would preclude release of the animal for slaughter for human food, shall be identified "U.S. Condemned" and disposed of in accordance with § 309.13, *except that such animal may be set apart and held for further observation or treatment under supervision of a Program employee or other official designated by the area supervisor and for final disposition in accordance with this part*.

9 C.F.R. § 309.3(d) (emphasis added).

32. Thus, the federal regulations permit slaughterhouses to purchase, slaughter, process, and sell meat from swine that are temporarily unable to stand or walk (for example because it is fatigued or stressed), whether or not it is labeled "U.S. Suspect" or "U.S. Condemned," as long as the animals are inspected and passed by a federal inspector. In contrast, the Amended Section 599f would prohibit these actions. Instead of allowing federal inspectors to determine whether a "downed" animal is fit for slaughter and human consumption, Amended Section 599f expressly forbids the purchase, sale, receipt, processing or butchering of downed animals and demands that the meat from such animals be removed from the human food supply. Thus, the California law establishes "additional," "different,"

and conflicting requirements for the processing and inspection of swine and swine products.

### C. Application of Amended Section 599f Imposes Substantial Burdens on Plaintiffs' Members

33. The immediate potential for criminal liability under State law is illustrated by considering the impact on the operations of hog slaughterhouses in California that fully comply with the FMIA and FSIS inspection.

34. Hogs can become stressed or fatigued in transit and, as a result, cannot stand or walk upon arrival. However, for nearly all hogs, the hog's inability to stand or walk as the result of fatigue or stress is merely temporary; virtually all are able to stand and walk after rest and supervision. Moreover, even hogs that are able to stand and walk upon arrival may not be able to do so after being placed in a holding pen, often as a result of heat, stress, or fatigue; reasons having nothing at all to do with disease. Still others are capable of standing and walking, but simply refuse to do so.

35. Under federal law, hogs that cannot stand and walk upon arrival are set aside for supervision and routinely pass federal inspection. Similarly, a federal inspector clears each lot of pigs held by the slaughterhouse before the slaughter. Any hog that becomes unable to stand or walk or refuses to do so while awaiting the slaughter is assisted to slaughter. These hogs may still be placed in the slaughter for human consumption.

36. Under the Amended Section 599f, the slaughterhouse could be subject to criminal prosecution for simply receiving hogs that cannot or will not stand or walk upon arrival. Thus, in order to avoid prosecution, the slaughterhouse would be forced to turn away fatigued or stressed hogs that are only temporarily unable to stand or walk. Those hogs could not be set aside or inspected by the FSIS, as permitted under federal law, much less cleared for processing, also as permitted

1  under federal law.  The amended statute thus imposes "different" or "additional"
2  requirements on federal inspection.

3        37.    The Amended Section 599f also prohibits slaughterhouses from
4  processing any hog that becomes unable to stand or walk, or refuses to do so, while
5  in the holding pen or being led to slaughter, and that hog could not be used for
6  human consumption.  The amended statute thus imposes yet another "different" or
7  "additional" requirement on the federal inspection process.

## FIRST CAUSE OF ACTION

**(Declaratory Relief; Preemption)**

10        38.    NMA incorporates the foregoing allegations of each of the previous
11  paragraphs by reference as though alleged in full at this point.

12        39.    Application of Amended Section 599f to federally-inspected swine
13  slaughterhouses or processors violates Article VI, Section 2 of the United States
14  Constitution (the "Supremacy Clause").

15        40.    Under the Supremacy Clause, federal law preempts state law where, as
16  here, Congress expresses an intent to preempt state law through explicit statutory
17  language.  The FMIA explicitly prohibits states from imposing "additional" or
18  "different" labeling, processing, or inspection requirements on meat governed by
19  the FMIA.  21 U.S.C. § 678.

20        41.    Federal law similarly preempts state law where, as here, the state law
21  conflicts with federal law or the federal law demonstrates that Congress intended to
22  exclusively occupy the field.

23        42.    Because any processing or inspection requirement that would be
24  imposed by Amended Section 599f would be "additional" to, "different" from, and
26  conflict with, federal processing and inspection requirements, Amended Section
27  599f as applied to swine and swine products is preempted by the FMIA.

28        43.    NMA is therefore entitled to a judgment declaring that the FMIA, 21
U.S.C. § 601 *et seq.*, and its implementing regulations, preempt the Amended

1  Section 599f processing and inspection requirements as applied to swine and swine
2  products regulated by the FMIA.
3       44.  Such a declaration is necessary and appropriate at this time to
4  determine the rights and obligations of the parties.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment; Violation of Commerce Clause)**

7       45.  NMA incorporates the foregoing allegations of each of the previous
8  paragraphs by reference as though alleged in full at this point.
9       46.  Application of Amended Section 599f to federally-inspected swine and
10 swine products violates Article I, Section 8, clause 3 of the United States
11 Constitution (the "Commerce Clause").
12      47.  Under the Commerce Clause, a state's law may not discriminate
13 against out-of-state entities or excessively burden interstate commerce.
14      48.  Amended Section 599f excessively burdens interstate commerce
15 because it severely restricts the amount of swine meat entering the field of
16 commerce while simultaneously burdening swine processing companies with the
17 cost of implementing a set of standard operating procedures that deviate from an
18 otherwise national standard.
19      49.  There is little, if any, benefit to the State's regulation of the processing
20 and inspection of swine.  The federal regulations adequately ensure the safety of
21 swine meat entering the food supply and protect the health of humans.  Upon
22 information and belief, there has never been a reported case of disease or health risk
23 to humans based on the purchase, processing, or sale of nonambulatory swine meat
24 from a federally-inspected facility.  Additionally, State concerns regarding animal
26 welfare are not implicated by allowing swine temporarily unable to stand or walk to
27 remain part of the slaughter.  Thus, the burden imposed on interstate commerce is
28 clearly excessive in relation to its putative local benefits.  In fact, the State law
   obtains no additional benefit that is not already addressed by the federal law.

COMPLAINT

1  50. NMA is therefore entitled to a judgment declaring that the Amended Section 599f processing and inspection requirements violate the Commerce Clause.

51. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

### THIRD CAUSE OF ACTION

### (Declaratory Judgment; Void For Vagueness)

52. NMA incorporates the foregoing allegations of each of the previous paragraphs by reference as though alleged in full at this point.

53. Application of Amended Section 599f to federally-inspected meat violates the Fourteenth Amendment to the United States Constitution because the Section, as amended, is void for vagueness.

54. Amended Section 599f defines a "nonambulatory" animal as one "unable to stand or walk without assistance." This definition is unconstitutionally vague because it fails to provide a coherent standard as to which criminality can be ascertained.

55. In particular, the statute does not define the time period for which an animal must be unable to stand or walk and thus imposes criminal penalties on slaughterhouses that fail to euthanize an animal immediately without any regard for the realities of hog and other meat processing.

56. This is particularly significant to hog processing where a hog may be unable to stand or walk immediately after transport because the hog is fatigued or stressed, or simply refuses to do so, but is able to stand or walk after rest and inspection. Similarly, a hog that is held during the summer months may become fatigued or stressed and unable to stand or walk for a period of time, but is not permanently unable to do so.

57. NMA is therefore entitled to a judgment declaring that the definition of "nonambulatory" in Amended Section 599f violates the Fourteenth Amendment because it is void for vagueness.

14

58.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief)

59.     The enforcement or threat of enforcement of Amended Section 599f will cause immediate and irreversible injury to NMA's members which slaughter or process swine, including, but not limited to, loss of opportunity, disruption of business, lost profits, diminution in value, and criminal fines and penalties.

60.     Because the State's conduct causes harm that cannot be adequately compensated in damages, NMA requests that the Court issue preliminary and permanent injunctive relief enjoining the State of California from enforcing Amended Section 599f with respect to swine slaughterhouses and swine products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.      For a judgment in its favor on each and every cause of action alleged in the Complaint:

  (a)     A judgment declaring that the FMIA, 21 U.S.C. § 601 *et seq.*, its objectives, its amendments, its implementing regulations, and the USDA's objectives in implementing the FMIA preempt the Amended Section 599f, as applied to slaughterhouses, including swine slaughterhouses;

  (b)     A judgment declaring that Amended Section 599f violates the Commerce Clause of the United States Constitution; and,

  (c)     A judgment declaring that the definition of "nonambulatory" animal contained in Amended Section 599f is void for vagueness.

2.      For attorney's fees to the extent permitted by law;

3.      For the preliminary and permanent injunctive relief as set forth above;

4.      For costs of suit; and

5.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

DORSEY & WHITNEY LLP

Date:  December 23, 2008

By: /s/Kent J. Schmidt
    KENT J. SCHMIDT
    ZACHARY BULTHUIS
  Attorneys for Plaintiffs
    NATIONAL MEAT ASSOCIATION

COMPLAINT