# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL MEAT ASSOCIATION, a not-for-profit corporation,<br><br>    Plaintiff,<br><br>and<br><br>AMERICAN MEAT INSTITUTE, a not-for-profit corporation,<br><br>    Plaintiff-Intervenor,<br><br>  v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California, EDMUND G. BROWN JR., in his official capacity as Governor of California, and the STATE OF CALIFORNIA,<br><br>    Defendants,<br><br>and<br><br>THE HUMANE SOCIETY OF THE UNITED STATES, FARM SANCTUARY INC., HUMANE FARMING ASSOCIATION, and ANIMAL LEGAL DEFENSE FUND,<br><br>    Defendant-Intervenors. | CASE NO: 1:08-cv-01963-LJO-DLB<br><br>**ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Based upon a careful review of parties' submissions and the entire record, **IT IS ORDERED, ADJUDGED AND DECREED** that:

  1.  This Court has jurisdiction over the subject matter of this action and over each of the parties thereto. The Court retains jurisdiction to interpret and enforce this Final Judgment and Permanent Injunction.

  2.  This Final Judgment and Permanent Injunction fully resolves all claims in this action.

3.     Based upon NMA's Complaint, the Court's Preliminary Injunction Opinion and Order, the March 31, 2010 opinion of the Ninth Circuit Court of Appeals, the January 23, 2012 decision of the Supreme Court of the United States, and the Ninth Circuit Court of Appeals' Order on remand affirming the judgment of this Court on the preliminary injunction, the Court hereby enters this Final Judgment and Permanent Injunction.

## I.     FACTS AND APPLICABLE LEGAL PRINCIPLES

### A.     The Parties

4.     Plaintiff National Meat Association (NMA) is, because of a recent merger, now known as the North American Meat Association (NAMA).[1] It is a voluntary membership-based trade association organized and existing under the laws of the District of Columbia and having its headquarters in Oakland, California. NAMA was founded in 1946 and represents the interests of packers and processors, who slaughter livestock, including swine, and who market meats, including pork and pork products, throughout the United States. NAMA's members, including members based in the Eastern District of California, package and process meat products that are sold in every district of California, including the Eastern District of California.

5.     Plaintiff-Intervenor American Meat Institute (AMI), formerly known as the American Meat Packers Association, is a voluntary membership trade association organized and existing under the laws of the State of Illinois and having its headquarters in Washington, D.C. AMI's members package and process meat products that are sold in every district in California, including in the Eastern District of California. AMI was founded in 1906 and represents the interests of packers and processors of beef, pork, lamb, and veal products and their suppliers throughout North America. Together, AMI's members produce approximately ninety-five percent of beef, pork, lamb, and veal products in the United States.

6.     Defendants Kamala D. Harris and Edmund G. Brown Jr. are the Attorney General and Governor of the State of California, respectively, and are named in their official capacities only.

7.     Defendant-Intervenor The Humane Society of the United States (HSUS) is a national

---

[1] On July 1, 2012, the National Meat Association merged with the North American Meat Processors to become the North American Meat Association, a District of Columbia Nonprofit Corporation created pursuant to the District of Columbia Nonprofit Corporation Act.

nonprofit animal protection organization headquartered in Washington, D.C., with over 11 million members and constituents, including over 1,450,000 members and constituents in California. The HSUS alleges that it actively advocates against practices that harm farm animals, including those raised for meat, eggs and milk, and strives to inform its members about the cruelty inflicted and threats caused by such practices.

8. Defendant-Intervenor Farm Sanctuary is a nonprofit corporation organized headquartered in Watkins Glen, New York, with over 250,000 members and supporters nationwide. Farm Sanctuary is a national farm animal rescue and protection organization, and it alleges that it is dedicated to ending the suffering of animals used in food. Farm Sanctuary alleges that it invests considerable resources advocating for farm animal health and welfare, educating its members, visitors, and the public about farm animal issues, and rescuing farm animals from cruelty. It alleges that much of its advocacy work focuses on the issue of nonambulatory livestock.

9. Defendant-Intervenor Humane Farming Association (HFA) is a national nonprofit organization dedicated to the protection of farm animals which, it alleges, devotes considerable resources alleviating animal suffering and combating animal abuse within the livestock industry. Headquartered in San Rafael, California, HFA has over 250,000 members nationwide. HFA alleges that since 1985, it has conducted extensive cruelty investigations regarding downed animals at stockyards, factory farms, and slaughterhouses. HFA also operates Suwanna Ranch, a 5,000 acre farm animal rescue and rehabilitation center in Elk Creek, California.

10. Defendant-Intervenor Animal Legal Defense Fund (ALDF) is a nonprofit corporation founded in 1979 to protect the lives and advance the interests of animals through the legal system. ALDF's headquarters are located in Cotati, California. With approximately 100,000 members nationwide, and more than 9,000 members in California, ALDF includes lawyers, law professors, law students, and other similarly interested individuals. ALDF alleges that it works peacefully and within legal boundaries to stop animal abuse and encourage the protection of animals. ALDF files lawsuits to enforce existing animal protection laws, provides free legal assistance to prosecutors handling cruelty cases, works to strengthen state anti-cruelty statutes, and provides public education through seminars, workshops, and other outreach efforts.

**B.     California Penal Code § 599f**

11.     In 2008, the California legislature amended a pre-existing statute governing the treatment of nonambulatory animals and applied that statute to slaughterhouses regulated under the FMIA.

12.     Effective January 1, 2009, California Penal Code § 599f, as amended, provides:[2]

> 599f. Nonambulatory animals; slaughter houses, stockyards, auctions, market agencies, or dealers; transactions; processing; euthanasia; movement; violations
>
> (a)     No slaughterhouse, stockyard, auction, market agency, or dealer shall buy, sell, or receive a nonambulatory animal.
>
> (b)     No slaughterhouse shall process, butcher, or sell meat or products of nonambulatory animals for human consumption.
>
> (c)     No slaughterhouse shall hold a nonambulatory animal without taking immediate action to humanely euthanize the animal.
>
> (d)     No stockyard, auction, market agency, or dealer shall hold a nonambulatory animal without taking immediate action to humanely euthanize the animal or to provide immediate veterinary treatment.
>
> (e)     While in transit or on the premises of a stockyard, auction, market agency, dealer, or slaughterhouse, a nonambulatory animal may not be dragged at any time, or pushed with equipment at any time, but shall be moved with a sling or on a stoneboat or other sled-like or wheeled conveyance.
>
> (f)     No person shall sell, consign, or ship any nonambulatory animal for the purpose of delivering a nonambulatory animal to a slaughterhouse, stockyard, auction, market agency, or dealer.
>
> (g)     No person shall accept a nonambulatory animal for transport or delivery to a slaughterhouse, stockyard, auction, market agency, or dealer.

---

[2] The pre-existing statute, California Penal Code § 599f, provided:

(a) No slaughterhouse that is not inspected by the United States Department of Agriculture, stockyard, or auction shall buy, sell, or receive a nonambulatory animal.

(b) No slaughterhouse, stockyard, auction, market agency, or dealer shall hold a nonambulatory animal without taking immediate action to humanely euthanize the animal or remove the animal from the premises.

(c) While in transit or on the premises of a stockyard, auction, market agency, dealer, or slaughterhouse, a nonambulatory animal may not be dragged at any time, or pushed with equipment at any time, but shall be moved with a sling or on a stoneboat or other sled-like or wheeled conveyance.

(d) A violation of this section is a misdemeanor.

(e) As used in this section, 'nonambulatory' means unable to stand and walk without assistance.

(f) As used in this section, 'animal' means live cattle, swine, sheep, or goats.

(g) As used in this section, 'humanely euthanized' means to kill by a mechanical, chemical, or electrical method that rapidly and effectively renders the animal insensitive to pain.

4

(h) A violation of this section is subject to imprisonment in the county jail for a period not to exceed one year, or by a fine of not more than twenty thousand dollars ($20,000), or by both that fine and imprisonment.

(i) As used in this section, "nonambulatory" means unable to stand and walk without assistance.

(j) As used in this section, "animal" means live cattle, swine, sheep, or goats.

(k) As used in this section, "humanely euthanized" means to kill by a mechanical, chemical, or electrical method that rapidly and effectively renders the animal insensitive to pain.

**C.     The Federal Meat Inspection Act and Its Preemptive Force**

13. The Federal Meat Inspection Act (FMIA), 21 U.S.C. § 601 *et seq*., regulates the inspection, handling, and slaughter of livestock for human consumption, and regulates a broad range of activities at slaughterhouses to ensure both the safety of meat and the humane handling of animals.

14. This includes requirements and regulations concerning nonambulatory animals, including swine.

15. The FMIA contains an express preemption provision, the first sentence of which reads:

> Requirements within the scope of this [Act] with respect to premises, facilities and operations of any establishment at which inspection is provided under . . . this [Act] which are in addition to, or different than those made under this [Act] may not be imposed by any State.

21 U.S.C. § 678.

16. With respect to California Penal Code § 599f, as amended, the Supreme Court of the United States held:

> The FMIA regulates slaughterhouses' handling and treatment of nonambulatory pigs from the moment of their delivery through the end of the meat production process. California's § 599f endeavors to regulate the same thing, at the same time, in the same place—except by imposing different requirements. The FMIA expressly preempts such a state law.

132 S. Ct. at 975

//

//

5

## V. RELIEF

Based upon the facts and applicable legal principles, **THE COURT HEREBY ORDERS AND DECLARES** that:

1. The Federal Meat Inspection Act, 21 U.S.C. § 601 *et seq.*, expressly preempts California Penal Code § 599f, as amended and effective January 1, 2009, with respect to federally-inspected swine slaughterhouses.

2. Defendants and their agents, servants, employees, officers, representatives, successors and assigns, and all persons, firms, and corporations acting in connection or participation with Defendants or on their behalf, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from enforcing California Penal Code § 599f, as amended and effective January 1, 2009, against swine slaughterhouses regulated by the Federal Meat Inspection Act, 21 U.S.C. § 601 *et seq*.

IT IS SO ORDERED.

Dated:   **November 5, 2012**        /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE